IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30001 |
| | ) | |
| KENNETH "RANDY" SHUFF, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on January 5, 2007, for the sentencing hearing of Defendant Kenneth "Randy" Shuff.  Defendant Shuff appeared in person and by his attorney Allen Bennett.  The Government appeared by Assistant U.S. Attorney Gregory Gilmore.  On June 14, 2006, Defendant Shuff pleaded guilty to the charge of Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g) and 924(e), as set forth in the sole count of the Indictment (d/e 1).  The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated December 13, 2006.

The Government and Shuff objected to the paragraphs in the PSR

1

that state that Shuff qualifies for the Armed Career Criminal enhancement. This enhancement applies if a defendant has three prior convictions for either violent felonies or serious drug offenses, and imposes a statutory minimum sentence of fifteen years. 18 U.S.C. §924(e); § 4B1.4(b)(3)(B). The Government argued that Shuff's state conviction for unlawful use of a weapon was not a violent felony. For the reasons stated of record, the Court sustained the Government's objection. In this case, the Illinois statute at issue in one of Shuff's prior conviction made it a crime to possess or use certain weapons. 720 ILCS 5/24-1. Possession alone would not be a violent felony for purposes of § 924(e). Because the state statute included both violent and non-violent felonies, the Court looked to the charging document in the state case to determine the nature of the crime committed. United States v. Matthews, 453 F.3d 830, 834 (7th Cir. 2006). In this case, the charge to which Shuff pleaded guilty in state court was possession, not use of a weapon. The Court concluded that this conviction did not count as a violent felony for purposes of § 924(e). Shuff, therefore, did not have three qualifying prior convictions and did not qualify for the Armed Career Criminal enhancement. The Court sustained the objections.

  The Government had no further objections.

Defendant Shuff objected to the finding in paragraphs 41 to 45 of the PSR. These paragraphs summarize complaints filed by Shuff's ex-wife alleging illegal, harassing conduct by Shuff. For the reasons stated of record, the Court did not rule on these objections because the matters set forth in those paragraphs would not affect sentencing and because the Court would not consider those matters in sentencing Shuff.

Shuff objected to the statement in paragraph 75 of the PSR that he intentionally, or through negligence, missed appointments for psychiatric evaluations as directed by the Probation Office. The Court overruled this objection because Shuff presented no evidence to support the objection.

The Defendant objected to the finding in paragraph 77 that he did not graduate from high school. The Court sustained the objection based on Shuff's representation in open court that he graduated from high school.

The Defendant objected to paragraph 3 of the PSR, which sets forth the details of the revocation of his pretrial release. The Court overruled the objection because the matters set forth in that paragraph had already been adjudicated in the hearing held on June 15, 2006, before United States Magistrate Judge Byron G. Cudmore.

The Defendant had no additional objections to the PSR. The Court,

3

therefore, adopted the findings of the PSR as its own, subject to the modifications noted above. Accordingly, the Court found that Defendant Shuff had a final offense level of 19, and was in Criminal History Category IV. The resulting Guideline sentencing range was, therefore, 46 to 57 months, in Zone D of the Guideline Range. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Shuff's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Shuff, the Court sentenced Defendant Kenneth "Randy" Shuff to a term of 48 months imprisonment, to be followed by 5 years of supervised release. The Court also ordered Shuff to pay a $100.00 special assessment. The Court determined that no fine should be imposed. The Court then apprised Defendant Shuff of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER: January 8, 2007.

FOR THE COURT:

s/ Jeanne E. Scott  
JEANNE E. SCOTT  
UNITED STATES DISTRICT JUDGE